# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL GEORGE,<br>Plaintiff,<br>vs.<br>LOPEZ, et al.,<br>Defendants. | 1:13cv00055 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Richard Earl George ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on January 14, 2013. He names Kern Valley State Prison ("KVSP") Chief Medical Officer Lopez, KVSP Medical Staff Supervisor Spaets, KVSP Dr. Patel and KVSP Associate Warden G. Jaime as Defendants.[1]

## A. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 28, 2013.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B. SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the R.J. Donovan Correctional Facility in San Diego, California.

Plaintiff alleges that Salinas Valley State Prison ("SVSP") transported Plaintiff to Delano Hospital Facility for evaluation by Dr. Suesberry, an Ear, Nose and Throat specialist. According to his exhibits, Plaintiff saw Dr. Suesberry on January 24, 2012. Dr. Suesberry noted that Plaintiff lost the ability to speak at age 11 and had no serviceable hearing. He diagnosed profound bilateral hearing loss and stated that Plaintiff's only option would be cochlear implants.

On January 30, 2013, Plaintiff filed a Request for Reasonable Accommodation. According to his exhibit, Plaintiff requested an immediate medical transfer from SVSP to a medical facility close to his family, where his health needs could be met and where communication with staff would not be a problem. Plaintiff indicated that his only form of communication is through writing because he is mute and has no hearing in either ear. He explained that SVSP was not equipped to handle his disability and that he was being subject to deliberate indifference by staff due to his communication problems. On February 2, 2012, the Board of Parole Hearings received his request. According to his exhibits, the request was denied on February 6, 2012, because the Board of Parole Hearings did not have authority to transfer him to a specific prison.

On February 4, 2012, Dr. Gamboa documented Dr. Suesberry's findings on a CDCR Primary Care Provider Progress Note. On February 13, 2012, Dr. Gamboa completed a Comprehensive Accommodation Chrono indicating that Plaintiff needed a hearing impaired vest. According to his exhibit, the request was approved.

On March 27, 2012, Plaintiff was transferred to KVSP. On this date, R.N. Gessel requested a physician referral.

On June 28, 2012, Dr. Patel signed a Physician's Order Form for a referral to audiology. Plaintiff alleges that this was done in hopes of discrediting Dr. Suesberry's findings.

On July 20, 2012, Plaintiff saw audiologist Engibarian, M.S. Ms. Engibarian completed a Request for Services and recommended bilateral amplification.

On August 2, 2012, Plaintiff saw Dr. Patel to review Ms. Engibarian's recommendation. When Plaintiff requested that Dr. Patel accommodate the recommendation, Dr. Patel stated that Defendant CMO Lopez and Defendant Spaets would not be accommodating Plaintiff's medical needs. Plaintiff alleges that Defendant Patel failed to write an accommodation order "with ill will and deliberate thought" to undermine Plaintiff's medical need.

Plaintiff saw Dr. Patel again on August 22, 2012, and requested the device. Dr. Patel denied Plaintiff's request for the medical device, stating, "I'm not going to make any recommendation to (CMO) Lopez or Staff Supervisor Spaets because we are not going to issue you this device the audiologist recommended."

On October 17, 2012, Defendant Jaime indicated that he was informed that Plaintiff was permanently issued a hearing impaired vest on February 13, 2012, at SVSP. Defendant Jaime noted, however, that a CDCR 1845 was not completed and Plaintiff was not identified as hearing impaired. As a result, Defendant Jaime requested a medical evaluation to determine if Plaintiff was hearing impaired.

On November 7, 2012, sign language interpreters Lewis and Yang interviewed Plaintiff to complete a current CDCR 1845.

Plaintiff alleges that Defendants willfully and purposely violated CDCR DOM 33030.3.1. He alleges that Defendants were callous in not affording Plaintiff meaningful health care recommended by a specialist.

**C. ANALYSIS**

1. Eighth Amendment Deliberate Indifference

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

a. *Defendants Lopez and Spaets*

Plaintiff's only factual allegation against Defendants Lopez and Spaets stems from his allegation that Dr. Patel indicated that they would not accommodate Plaintiff's medical needs.

As explained above, Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010). As supervisory personnel, Defendants Lopez and Spaets may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Here, Plaintiff's sole allegation does not provide specific facts to link Defendants Lopez or Spaets to an alleged violation. The allegation fails to set forth facts demonstrating that they either participated directly in the alleged violations, or knew of the violations and failed to act to prevent them. Moreover, as explained below, Plaintiff fails to state a claim for the underlying violation.

Accordingly, Plaintiff fails to state a claim against Defendants Lopez and Spaets.

b. *Defendant Jaime*

Plaintiff's only allegation against Defendant Jaime is related to his October 17, 2012, response to Plaintiff's inquiry about his hearing impaired vest. Defendant Jaime recognized that Plaintiff was permanently provided with a hearing impaired vest in February 2012, while imprisoned at SVSP. As a necessary form was not completed, however, Defendant Jaime requested a medical evaluation to determine Plaintiff's needs.

Although Plaintiff states that Defendant Jaime willfully ignored his medical needs, there is no indication from Defendant Jaime's response that he was acting with deliberate indifference. Instead, Defendant Jaime referred Plaintiff for a medical evaluation in light of the fact that the required documentation was not completed.

Plaintiff fails to allege that Defendant Jaime acted, or failed to act, with the requisite intent and he therefore fails to state a claim against him.

Accordingly, Plaintiff fails to state a claim against Defendant Jaime.

c. *Defendant Patel*

Plaintiff alleges that despite his requests and recommendations from other physicians, Defendant Patel willfully refused to provide necessary medical equipment. Plaintiff, who is mute and deaf, requested bilateral amplification as recommended by Ms. Engibarian.

However, although Dr. Patel indicated that he would not request amplification for Plaintiff, there is no indication that his decision was deliberately indifferent. Indeed, a prior doctor indicated that Plaintiff's only option was cochlear implants. Ms. Engibarian is not a physician, and Plaintiff fails to allege any facts to suggest that Dr. Patel's denial was deliberately indifferent to a serious medical need.

Although Plaintiff may not agree with Dr. Patel's decision, this does not amount to deliberate indifference. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to

deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Accordingly, Plaintiff fails to state a claim against Dr. Patel.

2. DOM 33030.3.1

Insofar as Plaintiff alleges that Defendants violated the CDCR Code of Conduct, DOM 33030.3.1, he cannot state a claim. The existence of DOM provisions governing the conduct of prison officials does not necessarily entitle an inmate to sue civilly for a violation. The Court has found no authority to support a finding of an implied private right of action under the DOM, and Plaintiff has provided none. E.g., Van Buren v. Diaz, 2013 WL 2286123, *6 (E.D.Cal. 2013).

## D. CONCLUSION AND ORDER

Plaintiff's complaint fails to state any cognizable claims against any Defendants.

Plaintiff will be permitted to amend his complaint, though he must follow the guidelines above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to

raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **September 12, 2013**

/s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE