# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL GEORGE,<br><br>    Plaintiff,<br><br>  vs.<br><br>LOPEZ, et al.,<br><br>    Defendants. | 1:13cv00055 DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Richard Earl George ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on January 14, 2013. Pursuant to Court order, he filed a First Amended Complaint ("FAC") on October 7, 2013. Plaintiff names Dr. Patel, of Kern Valley State Prison ("KVSP"), as the sole Defendant.[1]

**A.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 28, 2013.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the R.J. Donovan Correctional Facility in San Diego, California.

Plaintiff alleges that on January 24, 2012, Salinas Valley State Prison medical personnel transported him to Delano Hospital for evaluation by Dr. Suesberry, an Ear, Nose and Throat specialist. Dr. Suesberry noted that Plaintiff lost the ability to speak at age 11 and diagnosed profound bilateral hearing loss. Dr. Suesberry recommended surgery to install cochlear implants.

On January 30, 2012, Plaintiff filed a request for a reasonable accommodation. He requested an immediate medical transfer to a medical facility where his health needs could be met.

On February 4, 2012, Dr. Gamboa documented Dr. Suesberry's findings on a CDCR Primary Care Provider Progress Note. On February 13, 2012, Dr. Gamboa completed a Comprehensive Accommodation Chrono indicating Plaintiff's need for a hearing impaired vest.

On March 27, 2012, Plaintiff was transferred to KVSP. A nurse requested a Physician's Referral for Treatment. At this time, Defendant Patel, Plaintiff's Primary Care Physician, was notified of Plaintiff's medical treatment and the care needed.

On June 28, 2012, Defendant Patel signed a Physician's Order form for a referral to audiology to find out what medical appliances could aid in his hearing.

On July 20, 2012, Plaintiff saw audiologist Engibarian. Ms. Engibarian completed a Request for Services and recommended a bilateral amplification device.

Plaintiff returned to Defendant Patel on August 2, 2012, to review Ms. Engibarian's recommendation. Plaintiff requested that Defendant accommodate the recommendation, but Defendant Patel said that "his supervisors would not be accommodating Plaintiff's medical

needs." FAC 4. Plaintiff alleges that Defendant Patel failed to write an accommodation order "with ill will and deliberate aforethought" to undermine his medical needs. FAC 4.

On August 22, 2012, Plaintiff again saw Defendant Patel and requested the device. Defendant Patel denied Plaintiff's request, stating, "I'm not going to make any recommendation to my supervisor because we are not going to issue this device the audiologist recommended." FAC 4.

On October 17, 2012, Associate Warden Jaime indicated that she was informed that Plaintiff was permanently issued a hearing impaired vest on February 13, 2012, while at Salinas Valley State Prison. A CDCR 1845 form was not filled out, however, and Plaintiff was not identified as hearing impaired. Warden Jaime requested a medical evaluation to determine if Plaintiff was hearing impaired even though documentation was available.

On November 7, 2012, sign language interpreters Lewis and Yang interviewed Plaintiff to complete the CDCR 1845 form.

Plaintiff alleges that Defendant Patel willfully violated Department of Operations Manual section 33030.3.1 by being callous in not affording Plaintiff meaningful health care that was recommended by a specialist. Plaintiff contends that Defendant Patel was deliberately indifferent when he denied, and intentionally delayed, Plaintiff's medical treatment. Plaintiff believes that Defendant Patel's denial was deliberate because Defendant Patel was the one who scheduled the testing by Ms. Engibarian to see if Plaintiff was suitable for a bilateral hearing device. Plaintiff's contends that this course of "non-treatment" was medically unacceptable under the circumstances.

**C.    ANALYSIS**

    1.    Eighth Amendment

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th

Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, <u>Morgan</u>, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety.  <u>E.g.</u>, <u>Farmer</u>, 511 U.S. at 847; <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1151-52 (9th Cir. 2010); <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir. 2009); <u>Morgan</u>, 465 F.3d at 1045; <u>Johnson</u>, 217 F.3d at 731; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  <u>Wilhelm</u>, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122.  Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096) (internal quotation marks omitted).

In the prior screening order, the Court explained that Plaintiff had failed to demonstrate that Defendant Patel acted with deliberate indifference by denying Plaintiff's request for a bilateral amplification device.  The Court further explained that although Plaintiff may not agree with Defendant Patel's decision, it did not rise to the level of an Eighth Amendment violation.

In his FAC, Plaintiff omitted his claims against all other Defendants and now sues only Defendant Patel.  He again fails, however, to provide facts to demonstrate that Defendant Patel acted with deliberate indifference.  In fact, Plaintiff provides little, if any, new factual information.

Plaintiff's allegations again lack a showing of deliberate indifference.  At most, Plaintiff's allegations show that an audiologist recommended a bilateral hearing amplification device, and that despite Plaintiff's requests, Defendant Patel would not provide the device.  In fact, Plaintiff's own allegations demonstrate the differences in treatment opinions.  Rather than a bilateral hearing device, Dr. Suesberry recommended the installation of cochlear implants.

Absent additional circumstances, i.e., whether other accommodations were offered, and whether Plaintiff was harmed by the decision, Plaintiff's disagreement with Defendant Patel's decision does not amount to deliberate indifference.  "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff also suggests that Defendant Patel was deliberately indifferent because he was the physician who ordered the testing by Ms. Engibarian "to see if Plaintiff was suitable for a bilateral hearing device." FAC 5-6.  However, simply because Defendant Patel sent Plaintiff for an evaluation does not make his ultimate denial deliberately indifferent.

Finally, although Plaintiff states that Defendant Patel chose a medically unacceptable form of treatment, he does not provide facts to support his claim. As explained above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Accordingly, Plaintiff fails to state a claim against Defendant Patel.

2.  DOM 33030.3.1

Insofar as Plaintiff alleges that Defendant Patel violated the CDCR Code of Conduct, DOM 33030.3.1, he cannot state a claim. The existence of DOM provisions governing the conduct of prison officials does not necessarily entitle an inmate to sue civilly for a violation. The Court has found no authority to support a finding of an implied private right of action under the DOM, and Plaintiff has provided none. E.g., Van Buren v. Diaz, 2013 WL 2286123, *6 (E.D.Cal. 2013).

The Court explained this to Plaintiff in the prior screening order. If he chooses to amend his claim under the Eighth Amendment against Defendant Patel, he should not include a claim under the DOM.

**D.  CONCLUSION AND ORDER**

Plaintiff's complaint fails to state any cognizable claims against Defendant Patel.

Plaintiff will be permitted **one, final opportunity** to amend his complaint, though he must follow the guidelines above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,

556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's FAC is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **March 14, 2014**                        /s/ *Dennis L. Beck*
                                                                            UNITED STATES MAGISTRATE JUDGE