# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL GEORGE,<br><br>             Plaintiff,<br><br>     vs.<br><br>LOPEZ, et al.,<br><br>             Defendants. | ) 1:13cv00055 DLB PC<br>)<br>)<br>) ORDER DISMISSING ACTION<br>) FOR FAILURE TO PROSECUTE AND<br>) FAILURE TO STATE A CLAIM FOR<br>) WHICH RELIEF MAY BE GRANTED<br>)<br>)<br>) |

      Plaintiff Richard Earl George ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff filed this action on January 14, 2013.[1]

      Pursuant to Court order, Plaintiff filed a First Amended Complaint ("FAC") on October 7, 2013.  On March 14, 2014, the Court screened the FAC and dismissed it with leave to amend. Plaintiff was ordered to file an amended complaint within thirty (30) days of the date of service of the order.

      On May 5, 2014, after thirty (30) days had passed and Plaintiff had not complied with the order, the Court issued an order to show cause why this action should not be dismissed for failure to follow a Court order and failure to prosecute.  Plaintiff was ordered to file a response within

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 28, 2013.

1

thirty (30) days.  Over thirty (30) days have passed, but Plaintiff has failed to file a response or otherwise contact the Court.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending since January 2013, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  *Id.* at 1227.  Moreover, there is no complaint on file that states any claims for which relief may be granted.

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *Id.* at 1228.

Finally, Plaintiff was warned in the order to show cause that dismissal would result if he failed to file a response.

Accordingly, this action is HEREBY DISMISSED based on Plaintiff's failure to prosecute and failure to state a claim for which relief can be granted.

IT IS SO ORDERED.

Dated:   **June 18, 2014**               /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE